UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT MAY, TOMOTHY DE SANTO,
ROBERT DRUGER, JOHN SHAPIRO,
and STEPHEN LUNNEY,

      Plaintiffs,

    -v-        5:23-CV-1405

SYRACUSE UNIVERSITY,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| THOMAS COUNSELOR<br> AT LAW, LLC<br>Attorneys for Plaintiffs<br>One World Trade Center, 85th Fl.<br>New York, NY 10007 | KATHLEEN THOMAS, ESQ. |
| MANLY STEWART & FINALDI<br>Attorneys for Plaintiffs<br>19100 Von Karman Ave, Suite 800<br>Irvine, CA 92612 | SAUL E. WOLF, ESQ. |
| MANATT, PHELPS & PHILLIPS, LLP<br>Attorneys for Defendant<br>7 Times Square<br>New York, NY 10036 | RICHARD S. HARTUNIAN, ESQ<br>ANDREW L. MORRISON, ESQ.<br>MATTHEW F. BRUNO, ESQ. |

DAVID N. HURD[1]
United States District Judge

---

[1] This case was originally assigned to Senior U.S. District Judge Thomas J. McAvoy. The case has since been reassigned to U.S. District Judge David N. Hurd.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

On November 3, 2023, plaintiffs Scott May, Timothy De Santo, Robert Druger, John Shapiro, and Stephen Lunney (collectively, "plaintiffs") filed a civil lawsuit in the New York Supreme Court, Onondaga County.  Dkt. No. 2.  Plaintiffs' two-count complaint asserted claims for negligence and negligent hiring against defendant Syracuse University ("SU" or "defendant").  *Id.*

On November 7, 2023, prior to being served with process, SU promptly removed the action to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331(b) citing complete diversity of the parties.[2]  Dkt. No. 1.  Initially, defendant was correct: there was complete diversity as none of the plaintiffs were identified as domiciled in New York.[3]  Dkt. No. 2.  But the next day, plaintiffs notified defendant of their intention to file an amended complaint that would correctly identify Robert Druger's domicile as New York, not Pennsylvania as it was previously alleged.  Dkt. No. 21-1.

---

[2] Ordinarily an in-forum defendant may not remove a case based on diversity.  28 U.S.C. § 1441(b) (" A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added).  However, there is an exception to this general rule: where the in-forum defendant has not yet been *properly joined and served*, the defendant may nevertheless remove the case to federal court.  *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019).  This kind of removal has been coined "snap removal."

[3] Plaintiffs' citizenship was identified as follows: Robert Druger as a resident of Pennsylvania; John Shapiro as a resident of California; Stephen Lunney as a resident of Colorado; Tomthy de Santo as a resident of Tennessee; and Scott May as a resident of Alaska.  Dkt. No. 2.

After a series of communications between the parties and their counsel, plaintiffs filed a letter motion to the assigned U.S. Magistrate Judge, Miroslav Lovric, seeking a telephone conference to address the issue of defendants' purportedly improper removal.  Dkt. No. 12.  That motion was granted in part and denied in part and Judge Lovric directed the parties to address any jurisdictional issues at their scheduled Rule 16 conference.  Dkt. No. 13.

On December 7, 2023, plaintiffs moved the Court to remand this case back to state court pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1447(c) and for attorney's fees and costs associated with filing this motion.  Dkt. No. 21.  The motion has been fully briefed, Dkt. Nos. 26, 28, 32, and will be considered on the basis of the submissions without oral argument.[4]

Plaintiffs decide when and where to file their lawsuit, so long as the forum of their choosing is of competent jurisdiction.  The Supreme Court has coined this choice the "plaintiff's venue privilege."  *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).  When plaintiffs elect to file their complaint in state court, defendants may remove that case to federal court if the case could have been filed there originally.  *See* 28 U.S.C.

---

[4] On January 4, 2024, SU requested an oral argument on plaintiffs' motion to remand the case back to state court.  Dkt. No. 29.  That motion was denied on January 9, 2024.  Dkt. No. 31.

§ 1441(a). That is, if the case presents a federal question or there is diversity jurisdiction. *Id.*

Jurisdiction, or "the propriety of removal" is determined at the time of removal. *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp 32d 357, 368 (S.D.N.Y. 2006) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). But where the district court *lacks* jurisdiction to hear the case it must be remanded back to the state court. *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 310 (2d Cir. 2005). The defendant bears the burden of establishing the requirements of jurisdiction." *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021) (citation omitted).

Upon review, plaintiffs' motion to remand this case back to the New York Supreme Court, Onondaga County, will be granted. SU initially removed this case pursuant to diversity jurisdiction supported by plaintiffs' original complaint. In their original complaint, plaintiffs identified Robert Druger as a resident of Pennsylvania. Dkt. Nos. 1–2. However, plaintiffs later amended their complaint to correctly indicate Druger as a citizen of the State of New York—destroying diversity. SU argues that removal was proper on the basis of fraudulent misjoinder. According to defendant, Druger was fraudulently "misjoined" for purposes of defeating complete diversity and preventing removal to federal court. Dkt. No. 26.

*First,* the Supreme Court nor the Second Circuit has not expressly adopted so-called fraudulent misjoinder. Fraudulent misjoinder, also called *procedural* misjoinder, is a sort of analog to *fraudulent joinder*. The difference is fraudulent misjoinder refers to the fraudulent joining of a non-diverse *plaintiff* as opposed to a non-diverse *defendant* with "no real connection with the controversy to a suit." *Alvarado v. Sweetgreen, Inc.*, –F. Supp. 3d–, 2024 WL182761, at *7 (S.D.N.Y. Jan. 17, 2024) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)). The crux of the doctrine is whether the plaintiff can satisfy the permissive joinder standard. *Id.* (citing *Kips Bay Endoscopy Ctr., PLLC v. Travelers Indemn. Co.,* 2015 WL 4508739, at *6 (S.D.N.Y. July 24, 2015)).

The doctrine was first articulated by the Eleventh Circuit in *Tapscott*,77 F.3d 1353, 1360, and has received a "mixed reception" by other circuits. *Alvarado*, 2024 WL182761, at *7 (collecting cases). District courts in this Circuit confronted with the doctrine diverge on whether it applies, and if so, how it should be applied. Namely, courts have struggled with the question of whether to apply state or federal permissive joinder rules. *See, e.g.*, *V.V. v. Meta Platforms, Inc.*, 2023 WL 3613232, at *11–12 (D. Conn. May 24, 2023); *Massey v. Cecil*, 2019 WL 1780139, at *4 (N.D.N.Y. Apr. 23, 2019).

*Second,* the cases in which courts in this Circuit have applied the fraudulent misjoinder doctrine and severed a plaintiff to exercise diversity

jurisdiction are readily distinguishable from the facts at hand. *See, e.g.*, *Mancione v. Allstate Ins. Co.*, 2020 WL 5709674, at \*7 (D. Conn. Sept. 24, 2020) (concluding that plaintiffs" claims "so clearly arise from two separate series of transactions, occurring more than twenty-five years apart," and determining that plaintiffs failed to satisfy the state-law permissive joinder standard).

Here, plaintiffs assert that they were each sexually assaulted by an employee and resident of SU between the years of 1972–82. Plaintiffs allege that they were each present on defendant's campus at the times of alleged abuse. Plaintiffs also allege that they suffered a similar form of manipulation and grooming that led to the same form of sexual assaults.

Therefore, plaintiffs' claims all arise out of the same series of transactions or occurrences and raise common questions of law as it pertains to SU's knowledge of and response to the alleged assaults. Accordingly, plaintiffs are properly joined under the permissive joinder standard articulated by Rule 20.

*Third*, the Second Circuit has been explicit that "out of respect for the limited jurisdiction of the federal courts and the rights of the states, we must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F. 3d 112, 124 (2d Cir. 2007) (cleaned up). In light of the doubts concerning both the viability and contours of fraudulent misjoinder, the Court must head the Circuits call to resolve these doubts in

favor of remand. Defendant may renew its request to sever Robert Druger as a plaintiff in state court.

However, this is not to say that SU lacked an objectively reasonable basis for seeking removal in the first place. The Court is cognizant that plaintiffs' original complaint *on its face* supported complete diversity. On this basis, the portion of plaintiffs' motion seeking attorney's fees and costs will be denied.[5]

Therefore, it is

ORDERED that

1. Plaintiffs' motion to remand this case to the New York Supreme Court, Onondaga County, is GRANTED; and

2. The matter is remanded to the New York Supreme Court, Onondaga County, for further proceedings for lack of subject matter jurisdiction; and

3. The Clerk of the Court is directed to transmit the file, together with a copy of this Order, to the Clerk of the Court for the New York Supreme Court, Onondaga County; and

4. The Clerk of the Court is directed to terminate the pending motion and close the file.

IT IS SO ORDERED.

---

[5] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

- 8 -

_____
David N. Hurd
U.S. District Judge

Dated: October 10, 2024
       Utica, New York.